■ RUTH K. MCCLURE, Respondent, v. JOSEPH F. RIGNANESE et al., Appellants.— In an action for specific performance of an alleged contract to sell real property or for pecuniary damages for breach of the contract, defendants appeal from an order of the Supreme Court, Dutchess County, entered November 6, 1964, which denied their motion for summary judgment. Order modified to provide that defendants' motion is granted as to the claim for specific performance and denied as to the claim for pecuniary damages. As so modified, order affirmed, with $10 costs and disbursements to defendants jointly. Plaintiff, vendee under an informal but legally sufficient binder agreement for the sale of residential real property, sues for specific performance or, alternatively, for pecuniary damages. Plaintiff's claims are based upon the binder and a proposed formal contract of sale. The binder, subscribed by plaintiff and defendants, contains a provision that "This sale shall be contingent to (sic) the ability of the buyer, to assume the existing $17,000 mortgage held by the P. S. B. [Poughkeepsie Savings Bank] at 5% interest rate." In fact, the mortgage was misdescribed, for its interest rate is 5½% according to defendants, and, according to plaintiff, 5¾%. The proposed formal contract of sale, submitted to plaintiff by defendants' attorney, was not signed by defendants after plaintiff demanded an adjustment in the sales price to reflect the increased interest charges to be assumed. The formal contract contains clauses inserted by plaintiff's attorney allegedly with the consent of defendants' attorney who, on the motion below, alleged that defendants refused to consent to their inclusion. In our opinion, plaintiff may base her claim for specific performance only upon the binder agreement (*Brause* v. *Goldman*, 10 A D 2d 328; *Chu* v. *Chu*, 9 A D 2d 888; cf., *Crabtree* v. *Elizabeth Arden Sales Corp.*, 305 N. Y. 48). So considered, plaintiff's claim for equitable relief must, under the facts before us, be denied. The binder agreement does not contain a promise by defendants to convey title subject to the misdescribed mortgage. At most, we find only a condition precedent, inserted by plaintiff herself, upon the happening of which plaintiff was to be bound by all the

provisions contained in the ,binder agreement. In any event, the facts before us all point to a mistake by defendants under circumstances which support the denial of equitable relief (Pomeroy, Specific Performance of Contracts [3d ed., 1926], § 245). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.